IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| VINEBROOK HOMES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 123-068 |
| | ) |
| JUDIA H. ELLIOT, | ) |
| | ) |
| Defendant. | ) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Defendant, proceeding *pro se*, seeks to remove to this Court a dispossessory action filed by Plaintiff in the Magistrate Court of Richmond County, Georgia. In consideration of the record, the Court **REPORTS** and **RECOMMENDS** the motion to proceed *in forma pauperis* ("IFP") be **DENIED AS MOOT**, this case be **REMANDED** to the Magistrate Court of Richmond County based on lack of subject-matter jurisdiction, and this civil action be **CLOSED**.

I.     BACKGROUND

Defendant is a tenant of a property in Hephzibah, Georgia owned by Plaintiff. (See doc. no. 1, p. 6.) On March 29, 2023, Plaintiff filed a dispossessory action against Defendant in the Magistrate Court of Richmond County alleging Plaintiff failed to pay rent in violation of the lease. (Id.) On June 2, 2023, Defendant filed a Notice of Removal, asserting federal question jurisdiction by claiming Plaintiff's actions violate Defendant's Fourteenth Amendment due process rights and the Fair Debt Collections Practices Act ("FDCPA"), 15

U.S.C. §§ 1692 *et seq*. (Id. at 1-4.) Defendant does not state the amount in controversy and provides Georgia addresses for herself and Plaintiff. (See id.) Defendant has not paid the filing fee but instead requests permission to proceed IFP. (Doc. no. 2.)

## II. DISCUSSION

Generally, a defendant may remove an action from state court when the federal court would possess original jurisdiction over the subject matter, "except as otherwise expressly provided by an Act of Congress." 28 U.S.C. § 1441(a). "A federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997). Federal courts must always dismiss cases upon determining that they lack subject matter jurisdiction, regardless of the stage of the proceedings. Goodman *ex rel*. Goodman v. Sipos, 259 F.3d 1327, 1331 n.6 (11th Cir. 2001).

A removing defendant has the burden to establish federal jurisdiction. See Lowery v. Ala. Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007). The removing party must point to facts, not conclusory allegations, to meet its burden. See Williams v. Best Buy Co., 269 F.3d 1316, 1319-20 (11th Cir. 2001). The Court construes the removal statute narrowly. Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 766 (11th Cir. 2010). Indeed, "all doubts about jurisdiction should be resolved in favor of remand to state court." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999) (citation omitted).

Here, Defendant fails to allege a basis for federal subject matter jurisdiction. Though she generally alleges federal claims in her notice of removal, the removed case is simply a dispossessory action wherein Plaintiff seeks a writ of possession from a state court due to

unpaid rent. No federal statute applies to invoke federal question jurisdiction here. Rather, "[t]his is a tenant-eviction case that doesn't belong in federal court." Gundogdu v. WDF-4 Wood Harbour Park Owner, LLC, No. 21-61003-CIV, 2022 WL 2702624, at *1 (S.D. Fla. July 12, 2022).

Courts within the Eleventh Circuit routinely remand eviction cases as they state no federal claim. See, e.g., id.; Daley Realestate v. Bester, No. CV422-267, 2022 WL 18276705, at *3 (S.D. Ga. Nov. 16, 2022), *adopted by* 2023 WL 174994 (S.D. Ga. Jan. 12, 2023); Chastain v. Soomro, No. 3:20CV4181-MCR-HTC, 2020 WL 2231822 *3 (N.D. Fla. Mar. 18, 2020), *adopted by* 2020 WL 2216905 (N.D. Fla. May 7, 2020). Defendant's brief reference to the Fourteenth Amendment and the FDCPA does not save this case. See Beneficial Nat. Bank v. Anderson, 539 U.S. 1, 6 (2003) ("As a general rule, absent diversity jurisdiction, a case will not be removable if the *complaint* does not affirmatively allege a federal claim." (emphasis added)); OG Grp., LLC v. Marcisak, No. 17-CIV-62397, 2018 WL 1902077, at *1 (S.D. Fla. Jan. 23, 2018) (finding no federal question in removing defendant's reference to the Civil Rights Act of 1968 when "complaint attached is simply a state court eviction action"); Citibank, N.A. v. Johnson, No. 1:14-CV-1784-WSD, 2014 WL 5019924, at *5 (N.D. Ga. Oct. 7, 2014).

Although Defendant does not raise diversity of citizenship as a basis for federal jurisdiction, for the sake of completeness, the Court finds no such diversity jurisdiction exists. Federal courts have jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000," and is between "citizens of different States." 28 U.S.C. § 1332(a). Defendant has not pled diversity of citizenship; rather, she lists Georgia addresses for herself and Plaintiff and does not allege parties are citizens of different states. Defendant

3

also has not shown the amount-in-controversy exceeds the $75,000 threshold, and removing defendants "may not rely on the value of the property as a whole to satisfy the amount in controversy requirement." Fed. Home Loan Mortg. Corp. v. Williams, Nos. 1:07-CV-2864-RWS, 1:07-CV-2865-RWS, 2008 WL 115096, at *2 (N.D. Ga. Jan. 9, 2008); see Daley Realestate, 2022 WL 18276705, at *2 (remanding eviction action when defendant "has not alleged, even in a conclusory fashion, that the amount in controversy exceeds the jurisdictional threshold.")  Accordingly, Defendant has not established diversity of citizenship or that the amount in controversy exceeds $75,000.

In sum, the Court concludes Defendant has not met her burden of establishing federal jurisdiction, and the case should be remanded.  See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").  As this Court lacks jurisdiction, Defendant's request to proceed IFP is moot.

## III. CONCLUSION

Because there is no subject-matter jurisdiction, the Court **REPORTS** and **RECOMMENDS** the IFP motion be **DENIED AS MOOT**, (doc. no. 2), this case be **REMANDED** to the Magistrate Court of Richmond County, Georgia, and this civil action be **CLOSED**.

SO REPORTED AND RECOMMENDED this 9th day of June, 2023, at Augusta, Georgia.

*[signature]*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA